Kevin Harper, State Bar No. 019118
HARPER LAW PLC
350 N. Gilbert Road, Suite 204
Gilbert, Arizona 85234
Tel: (602) 256-6400
Fax: (602) 256-6418 n
Email: kevin@harperlawaz.com
*Attorneys for Plaintiff*

Lonnie J. Williams, Jr. (005966)
Carrie M. Francis (020453)
Tim Lauxman (035222)
STINSON LLP
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email: lonnie.williams@stinson.com
carrie.francis@stinson.com
tim.lauxman@stinson.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kent A. Murar, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>AutoNation, Inc., a Delaware corporation; AN Motors of Scottsdale, LLC, a Delaware limited liability company; John and Jane Does 1-10; and Black and White Corporations I-X,,<br><br>    Defendants. | Case No. 2:19-cv-05793-MTL<br><br>**JOINT PROPOSED CASE MANAGEMENT REPORT**<br><br>**(Assigned to the Honorable Michael T. Luburdi)** |

Plaintiff Kent A. Murar and Defendants AutoNation, Inc. and AN Motors of Scottsdale, LLC dba AutoNation Ford Scottsdale ("AFS") (collectively "Defendants"), by and through undersigned counsel, hereby submit their Joint Case Management Report, pursuant to the Court's February 10, 2020 Order (Doc. 16), Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

**1.     ATTENDANCE.**

Plaintiff, through his attorney, Kevin Harper of Harper Law PLC and Defendants, through their Defendants, through their attorneys, Lonnie J. Williams, Jr., Carrie M. Francis, and Tim S. Lauxman, of Stinson LLP, together developed the parties' Joint Rule 26(f) Report.

**2.     PARTIES.**

    A.     Plaintiff – Kent A. Murar.

    B.     Defendants – Autonation, Inc. and AN Motors of Scottsdale, LLC.

**3.     NATURE OF CASE.**

    A.     <u>Plaintiff's Allegations</u>:  Plaintiff is a former employee of Defendants and filed this action alleging that he was wrongfully terminated after raising concerns about illegal activities by Defendants and/or their employees. Plaintiff began working for Autonation and/or one if its subsidiaries in August 2013, and transferred to become the General Manager of AN Motors, the Autonation Ford dealership in Scottsdale, Arizona, in January 2018.

Plaintiff claims that soon after he arrived at AN Motors he learned of fraudulent and/or other illegal business practice, which he reported to his manager and others within Autonation's regional leadership. Soon after making these reports, Plaintiff's employment was terminated without just cause or prior notice. Plaintiff asserts that the termination violates Arizona's Employment Protection Act, which prohibits termination of an employee in retaliation for his report of activities the employee reasonably believes are violations of the Arizona constitution or Arizona statutes. *See* A.R.S. § 23-1501.

    B.     <u>Defendants' Allegations</u>:

Defendant AutoNation, Inc. was not Plaintiff's "employer," as there was no employment relationship between AutoNation, Inc. AutoNation, Inc. did not exercise control over or direct codefendant, including codefendant's decision to terminate Plaintiff's employment at codefendant's dealership. Therefore, Plaintiff's claims against

2

Defendant AutoNation, Inc. will fail as a matter of law.

As it relates to the claims against AFS, Plaintiff did not engage in any activity protected under § 23-1501(A)(3)(c). The Complaint does not allege and AFS never requested that Plaintiff act or not act in any way that would violate Arizona law. Further, without conceding that any violation of Arizona law occurred, AFS learned of the alleged compliance issues asserted in the Complaint before Plaintiff ever attempted to discuss those alleged issues with AFS. Additionally, there is no causal link between any alleged protected activity and Plaintiff's termination. On or about September 27, 2018, Plaintiff met with Matthew Brown to discuss AFS's expectations of Plaintiff's performance. Plaintiff failed to meet a majority of those performance goals, and AFS terminated Plaintiff. Also, Plaintiff's breach of the implied covenant fails because § 23-1501 "is the exclusive remedy for employment terminations that violate public policy statutes." *See Thorp v. Home Health Agency—Ariz., Inc.*, 941 F.Supp.2d 1138, 1143 (D. Ariz. 2013).

For its claimed affirmative defenses, AFS believes that Plaintiff engaged in some of the complained of activities he now contends were illegal or failed to properly supervise those who were involved in the complained of activities. And some of the complained of activities may have occurred outside the applicable one year statute for claims brought under § 23-1501.

**4.     PRINCIPAL FACTUAL AND LEGAL DISPUTES.**

The principal factual and legal disputes include:

    a.    Whether AutoNation, Inc. was Plaintiff's employer.

    b.    Whether Plaintiff engage in any activity protected under § 23-1501(A)(3)(c).

    c.    Whether there is a causal link between any alleged protected activity and Plaintiff's termination.

    d.    Whether Plaintiff reported activity that he reasonably believed violated the Arizona constitution or Arizona statutes, including Arizona's

3

CORE/0810975.0096/157970935.1

Consumer Fraud Act (A.R.S. §44-1521 *et seq*) and/or Arizona statutes precluding any "scheme or artifice to defraud (A.R.S. § 13-2310).

    e. Whether Plaintiff's breach of the implied covenant of good faith and fair dealing fails because § 23-1501 is his exclusive remedy.

    f. Whether Defendants breached the terms of any contract with Plaintiff and/or the implied duty of good faith and fair dealing.

    g. Whether the decision to terminate Plaintiff's employment was motivated by Plaintiff's reports of illegal activity.

    h. Whether Defendants' actions were just, fair, privileged, with good cause, in good faith, without malice or intent to retaliate, and for lawful and legitimate, non-retaliatory reasons.

    i. Whether Plaintiff was damaged during the period AFS was allegedly breaching the duty of good faith and fair dealing.

    j. Whether Plaintiff mitigated his damages.

    k. Whether Plaintiff's damages, if any, were proximately caused or contributed to by his own acts or omissions, and not by any act or omission of Defendants.

    l. Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, fraud, illegality, and the applicable statute of limitations.

**5.      JURISDICTION.**

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c). Plaintiff is a citizen of the state of Arizona. Defendant AutoNation, Inc. is a Delaware entity, with its corporate headquarters and principal place of business located in Fort Lauderdale, Flordia. Defendant AFS is a Delaware limited liability company with a single member, Steve Kwak, who is a citizen

4

of the State of California. The amount in dispute exceeds $75,000.00, and Plaintiff alleges damages including lost wages in excess of $350,000.00.

**6.    SERVICE.**

All parties have been served. The defendants who have been served and who remain in the case are AutoNation, Inc. and AFS.

**7.    ADDITIONS AND AMENDMENTS.**

Neither party anticipates adding additional parties to the case or amending the pleadings.

**8.    CONTEMPLATED MOTIONS.**

Plaintiff does not anticipate filing any motions, but reserves the right to file such motions as may appear warranted as discovery proceeds.  Defendants each plan to file a summary judgment motion, AutoNation, Inc. because it did not employ Plaintiff and AFS as to the substantive claims asserted by Plaintiff based on the factual and legal contentions outlined above.

**9.    PROSPECTS FOR SETTLEMENT.**

The parties have been engaging in informal settlement discussions and have agreed to participate in a private mediation, which has been scheduled for April 8, 2020 before retired Judge Barry C. Schneider.

**10.    REFERENCE TO MAGISTRATE JUDGE.**

The parties agree this case is not suitable for reference to a United States Magistrate Judge for purposes of trial or any other purpose at this time.

**11.    RELATED CASES.**

There are no related cases.

**12.    MIDP COMPLIANCE.**

The parties have complied with the MIDP. Defendants served their MIDP responses on February 17, 2020. Plaintiff served his MIDP responses on February 18, 2020. Defendants have requested that Plaintiff supplement his MIDP responses as to his

mitigation efforts and earnings and Plaintiff has indicated that he will provide a supplement on or before February 28, 2020.

### 13. ELECTRONIC STORED INFORMATION.

The parties anticipate that certain discoverable information is stored electronically and agree that such information should be preserved and produced as a PDF file and, if requested, in its native format.

### 14. CLAIMS OF PRIVILEGE OR WORK PRODUCT.

The parties are not aware of any issues relating to claims of privilege or work product at this time.

### 15. DISCOVERY LIMITATIONS.

The parties do not believe discovery needs to be conducted in phases or subjected to any limitations beyond those imposed by the Rules of Civil Procedure.

Defendant currently intends to issue written discovery to Plaintiff, to take his deposition in Phoenix, AZ and the depositions of any expert identified by Plaintiff in Phoenix, AZ, and to issue non-party subpoenas to any person that has employed Plaintiff since he stopped work for AFS and to any medical providers related to any claims for emotional distress caused by Plaintiff's termination, if any such damages are disclosed by Plaintiff. This outlined discovery is necessary and proportionate to the needs of the case as it directly relates to the substantive claims and damages sought in Plaintiff's Complaint and is not unduly burdensome or expensive.

### 16. PROPOSED DEADLINES.

    a. Deadline for amending pleadings: **April 24, 2020**.

    b. Deadline for completing discovery and for final supplementation of MIDP responses and pretrial disclosures pursuant to Rule 26(a)(3): **October 30, 2020**.

    c. Deadline to complete full and complete expert disclosures: Plaintiff by **June 26, 2020**, Defendants by **July 31, 2020**, and any rebuttal by **August 21, 2020**.

    d. Deadline to file dispositive motions: **November 20, 2020**.

e. Deadline to engage in good faith settlement talks: **April 24, 2020**.

f. Date of availability for final pretrial conference: **March 26, 2021.**

**17.   REQUEST FOR JURY TRIAL.**

Plaintiff has demanded a jury trial. That request is not contested by Defendants.

**18.   TRIAL.**

The parties estimate that the case will be ready for trial by **April 19, 2021**, with an estimated trial length of five full court days.

**19.   ADDITIONAL MATTERS.**

None.

RESPECTFULLY SUBMITTED this 28th day of February, 2020.

HARPER LAW PLC

By /s/ Kevin Harper
Kevin Harper
*Attorney for Plaintiff*

STINSON LLP

By /s/ Carrie Francis
Carrie Francis
Attorney for Defendants

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, I electronically transmitted the Joint Case Management Report using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Lonnie J. Williams, Jr.
Carrie M. Francis
Tim Lauxman
STINSON LLP
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
*Attorneys for Defendants*

*/s/ Kevin Harper*

8

CORE/0810975.0096/157970935.1